UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61959-CIV-DIMITROULEAS

TERRANCE MLECZKO and
TM DEFENSE SOLUTIONS LLC,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

vs.

DAVID DAVIS and FREDERICK S.
CROMER,

      Defendants,

_____/

## ORDER DENYING MOTION WITHOUT PREJUDICE

THIS CAUSE is before the Court upon Plaintiffs Terrance Mleczko and TM Defense Solutions LLC's Motion for Appointment as Co-Lead Plaintiffs And Approval Of Selection Of Counsel; Memorandum Of Law In Support [DE 9] ("Motion"), filed herein on December 1, 2025.

Local Rule 7.1(a)(3) requires the moving party to certify that he has conferred, or describes a reasonable effort to confer, with the parties affected in a good faith effort to resolve the dispute. The rule provides two avenues for conferral: "(A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified

with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so." S.D. Fla. L.R. 7.1(a)(3).

Plaintiffs do neither. Instead, under the Certificate Regarding Good Faith Conference, Plaintiffs assert:

> Pursuant to Local Civil Rule 7.1(a)(3), counsel for Mleczko and TM Defense state that they could not confer with counsel for the opposing movants prior to filing the instant motion. The statutory framework of the PSLRA requires all motions seeking appointment as Lead Plaintiff to be filed within 60 days of the publication of the notice of pendency of the action— here, on or before December 1, 2025. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). No such motions were filed meaningfully in advance of Mleczko and TM Defense's motion, and it was not possible to confer with counsel for the other movants to determine whether the instant motion would be opposed or to attempt to resolve the issues raised by the motion.

*See* [DE 9] p. 18. Plaintiffs provide they "could not" confer with Defendants but describe no "reasonable efforts" to confer whatsoever. Instead, they use their own poor time management decision to justify their failure. Plaintiffs' actions flagrantly violate the local rules and, worse, adversely impact this Court, as Plaintiffs are aware that the Court now has a statutory deadline of thirty days—starting December 1, 2025—within which to rule on the instant motion. *See* 15 U.S.C. § 78u-4 (a)(3)(B)(i).

It is therefore **ORDERED AND ADJUDGED** that Plaintiffs' Motion [DE 9] is **DENIED WITHOUT PREJUDICE** for failure to confer. Plaintiffs shall have until Thursday, **December 4, 2025**, to refile their motion indicating whether Defendants oppose Plaintiffs' Motion. If Defendants oppose the motion, Defendants shall file a response to the refiled motion not later than **December 11, 2025.**

Plaintiffs are warned that failure to comply with Court's orders and local rules going forward "may be cause for the Court to. . . impose on counsel an appropriate sanction, which

may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." *See* S.D. Fla. L.R. 7.1(a)(3).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of December, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
All counsel of record

3