IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:25-cv-61959-CIV-DIMITROULEAS

TERRANCE MLECZKO and TM DEFENSE SOLUTIONS LLC, Individually and on Behalf of All Others Similarly Situated,

                Plaintiffs,

    v.

DAVID DAVIS AND FREDERICK S. CROMER,

                Defendants.

## JOINT MOTION REQUESTING MODIFICATION OF SCHEDULE

Plaintiffs Terrance Mleczko and TM Defense Solutions LLC ("Plaintiffs" or "Co-Lead Plaintiffs") and Defendants David Davis and Frederick S. Cromer ("Defendants," and, together with Plaintiffs or Co-Lead Plaintiffs, the "Parties") hereby respectfully submit to the Court this joint motion requesting modification of the schedule in this action.

    1.    On September 30, 2025, Plaintiffs commenced the above-captioned action by filing a putative class action complaint (the "Complaint") [DE 1].

    2.    This action asserts federal securities claims that are governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), *see* 15 U.S.C. § 78u-4 *et seq.*

    3.    The PSLRA provides for the consolidation of all related actions and the appointment of a lead plaintiff and lead counsel, 15 U.S.C. § 78u-4(a)(3).

    4.    In compliance with the PSLRA, Plaintiffs caused notice of the pendency of the above-captioned action to be published on September 30, 2025, *see* 15 U.S.C. § 78u-4(a)(3)(A)(i).

5. The publication of that notice triggered the PSLRA's sixty-day (60) deadline for "any member of the purported class" to move the Court for appointment as lead plaintiff, 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), which was December 1, 2025.

6. The Defendants agreed to waive service of the summons, Complaint, and civil cover sheet on November 13, 2025, and waivers of service were filed on November 14, 2025 (DE 8), which set the deadline for Defendants to answer, move against, or otherwise respond to the Complaint to December 22, 2025.

7. Plaintiffs filed a motion to be appointed co-lead plaintiffs and for their counsel to be appointed co-lead counsel on December 1 and 3, 2025 (DE 9, 13), which was granted on December 18, 2025 (DE 14).

8. Co-Lead Plaintiffs wish to file an amended complaint, which will supersede the current Complaint in the action ("Amended Complaint").

9. Counsel for the Parties believe that an answer or motion responding to the Complaint would be premature prior to the filing of the Amended Complaint.

10. The Parties have conferred and agree that the obligation to respond to the Complaint should be deferred for all Defendants in light of the foregoing and in the interest of judicial efficiency.

11. Accordingly, the Parties jointly request that the Court enter the Proposed Order attached hereto (i) deferring Defendants' deadline to answer, move against, or otherwise respond in this action until after Co-Lead Plaintiffs file the Amended Complaint and (ii) setting March 2, 2026, as the deadline for Co-Lead Plaintiffs to file the Amended Complaint. The Parties further agree to meet and confer in advance of March 2, 2026, with regard to a proposed briefing schedule for Defendants' anticipated motion to dismiss the Amended Complaint.

12. The Parties have not previously requested any extension of time in the above-captioned action.

13. Defendants note that Spirit Aviation Holdings, Inc. and five of its affiliates that are debtors in bankruptcy proceedings commenced on August 29, 2025, under chapter 11 of the United States Bankruptcy Code and currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), intend to file a motion in the Bankruptcy Court seeking to extend the automatic stay under 11 U.S.C. §362(a) to the above-captioned Action during the pendency of the bankruptcy proceedings, which could further impact the schedule in this action. Plaintiffs' position is that such a motion would be without merit and contrary to law. Plaintiffs will vigorously oppose any attempt to exploit the bankruptcy proceeding to interfere with this action.

14. Defendants each expressly reserves all rights, arguments, defenses, or other objections.

15. The Parties each reserve the right to seek further extensions on the consent of the other Parties or to seek such relief from the Court.

[*Remainder of page intentionally left blank*]

Respectfully Submitted this 22nd day of December 2025, by:

MILLER SHAH LLP

*/s/ Nathan C. Zipperian*
Nathan C. Zipperian
Jayne A. Goldstein
2103 N. Commerce Parkway
Ft. Lauderdale, FL 33326
Telephone: (954) 515-0123
nczipperian@millershah.com
jagoldstein@millershah.com

POMERANTZ LLP

*/s/ Brian P. O'Connell*
Brian P. O'Connell (*pro hac vice forthcoming*)
10 South LaSalle Street
Ste. 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
boconnell@pomlaw.com

Jeremy A. Lieberman (*pro hac vice*)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com

BRONSTEIN, GERWIRTZ & GROSSMAN, LLC

*/s/ Peretz Bronstein*
Peretz Bronstein
60 East 42nd Street, Suite 4600
Tel: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Attorneys for Plaintiffs*

HILGERS PLLC

*/s/ Carly A. Kligler*
Carly A. Kligler
Alec H. Schultz
3801 PGA Boulevard, Suite 600
Palm Beach Gardens, FL 33410
Telephone: (561) 485-1325
ckligler@hilgerslaw.com
aschultz@hilgerslaw.com

DAVIS POLK & WARDWELL LLP

*/s/ Dana M. Seshens*
Dana M. Seshens
(*pro hac vice pending*)
Esther C. Townes
(*pro hac vice pending*)
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
dana.seshens@davispolk.com
esther.townes@davispolk.com

*Counsel for Defendants David Davis and Frederick S. Cromer*