**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

<table>
<tr>
<td>

TERRANCE MLECZKO and TM DEFENSE
SOLUTIONS LLC, Individually and on Behalf
of All Others Similarly Situated,

                              Plaintiffs,

               v.

DAVID DAVIS and FREDERICK S.
CROMER,

                            Defendants.

</td>
<td>

Case No. 0:25-cv-61959-WPD

</td>
</tr>
</table>

**JOINT CONSENT MOTION TO SET A DEADLINE FOR THE FILING OF AN
AMENDED COMPLAINT AND VACATE THE CURRENT RESPONSE DEADLINE**

Pursuant to Rules 6(b) and 15(a)(2) of the Federal Rules of Civil Procedure, and Local Rule 7.1(a)(1), Lead Plaintiffs, Terrance Mleczko and TM Defense Solutions LLC ("Plaintiffs"), and Defendants, David Davis and Frederick S. Cromer ("Defendants," and together with Plaintiffs, the "Parties"), respectfully move for the Court to provide a definitive deadline for the filing of an Amended Complaint (to which Defendants consent) and to vacate Defendants' current response deadline of February 24, 2026. In support of this Motion, the Parties state:

1.      On September 30, 2025, Plaintiffs filed their initial complaint ("Initial Complaint") in the above-captioned action ("Action"). [DE 1]. By order of this Court, Plaintiffs and their counsel were appointed Lead Plaintiffs and co-Lead Counsel on December 18, 2025 [DE 14], promptly after which the Parties conferred about a schedule for amending the Initial Complaint.

2.      On December 22, 2025, the Parties filed a Joint Motion Requesting Modification of Schedule [DE 19], which requested that the Court: (i) defer Defendants' deadline to answer, move against, or otherwise respond to the Initial Complaint, given Plaintiffs' intention to file an Amended Complaint by March 2, 2026; and (ii) set a deadline of March 2, 2026, for Plaintiffs to file their Amended Complaint, prior to which the Parties would meet and confer with respect to a briefing schedule for Defendants' anticipated motion to dismiss. In that joint motion, Defendants noted that Spirit Aviation Holdings, Inc., and its affiliate debtors (together, "Debtors") intended to file a motion to extend the automatic stay under 11 U.S.C. §362(a) to this Action during the pendency of the bankruptcy proceedings. [DE 19].

3.      On December 23, 2025, this Court issued an Order Denying the Joint Motion Requesting Modification of Schedule and directing Defendants to file a response to the Complaint or move for an extension of time by December 30, 2025 [DE 21]. In so ordering, the Court indicated that it did not want to put the case into limbo. [DE 21].

4.      On December 26, 2025, Defendants filed their Unopposed Motion for Extension of Time to respond until January 27, 2026 [DE 24]. In that motion, Defendants explained that good cause existed to extend their time to respond because, among other reasons, the Debtors in the Spirit bankruptcy, which is proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), intended to file a motion in the Bankruptcy Court seeking to extend the automatic stay under 11 U.S.C. §362(a) to this Action.

5.      On December 29, 2025, the Court issued an Order Granting Defendants' Unopposed Motion for Extension of Time to respond until January 27, 2026 [DE 25], which it further extended to February 24, 2026 [DE 31].

6.     On January 12, 2026, the Debtors opened an adversary proceeding in the Bankruptcy Court ("Adversary Pro.") and filed a motion for a preliminary injunction seeking to extend the automatic stay under 11 U.S.C. §362(a) to restrain this Action (the "Motion to Extend Bankruptcy Stay"). *See Spirit Aviation Holdings, Inc., et al. v. Terrance Mleczko and TM Defense Solutions LLC*, Adversary Pro. No. 26-01003, S.D.N.Y. Bankr. Ct. [DE 1-5]. The Plaintiffs in this Action filed in the Bankruptcy Court an opposition to the Motion to Extend Bankruptcy Stay on January 23, 2026 [Adversary Pro. DE 12]. On January 30, 2026, the Debtors and Plaintiffs stipulated in the Bankruptcy Court that the Debtors would withdraw the Motion to Extend Bankruptcy Stay without prejudice to reasserting the same should this Action move beyond the pleadings stage and vacated all existing dates and deadlines in the bankruptcy Adversary Proceeding [Adversary Pro. DE 13]. The Bankruptcy Court entered the stipulation on January 30, 2026 [Adversary Pro. DE 14].

7.     Plaintiffs have continued their investigation and plan to file an Amended Complaint in this Action on February 27, 2026. The Parties have conferred and Defendants consent to the filing of the Amended Complaint. The Parties respectfully submit that it would not serve the interests of judicial economy for Defendants to respond to the Initial Complaint in light of Plaintiffs' intention to file an Amended Complaint and ask that the Defendants' obligation to respond to the Initial Complaint by February 24, 2026, be vacated so that Defendants may instead respond to the Amended Complaint.

8.     The Parties further respectfully submit that good cause exists for the relief requested, and the requested schedule will not prejudice either party or impact this Court's ability to hear and decide cases expeditiously or undermine judicial economy, because Plaintiffs'

forthcoming Amended Complaint would moot any response to the current Initial Complaint that Defendants would file in accordance with the current schedule.

9.      This request is made in good faith and not for the purpose of delay. No scheduling order has yet been entered in this Action.

WHEREFORE, subject to Court approval, the Parties have stipulated that Plaintiffs may file an Amended Complaint, such Amended Complaint shall be filed by February 27, 2026, and Defendants shall have no obligation to respond to the Initial Complaint on February 24, 2026.

4

Dated: February 13, 2026

MILLER SHAH  LLP

*/s/ Nathan C. Zipperian*
Nathan C. Zipperian
Jayne A. Goldstein
2103 N. Commerce Parkway
Ft. Lauderdale, FL 33326
Telephone: (954) 515-0123
nczipperian@millershah.com
jagoldstein@millershah.com

POMERANTZ LLP

*/s/ Brian P. O'Connell*
Brian P. O'Connell (*pro hac vice*)
10 South LaSalle Street, Ste. 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
boconnell@pomlaw.com

Jeremy A. Lieberman (*pro hac vice*)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com

BRONSTEIN, GERWIRTZ & GROSSMAN, LLC

*/s/ Peretz Bronstein*
Peretz Bronstein
60 East 42nd Street, Suite 4600
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Attorneys for Plaintiffs*

Respectfully Submitted,

HILGERS PLLC

*/s/ Carly A. Kliger*
Carly A. Kligler
Alec H. Schultz
3801 PGA Boulevard, Suite 600
Palm Beach Gardens, FL 33410
Telephone: (561) 485-1325
ckligler@hilgerslaw.com
aschultz@hilgerslaw.com

DAVIS POLK & WARDWELL LLP

*/s/ Dana M. Seshens*
Dana M. Seshens
(*pro hac vice*)
Esther C. Townes
(*pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
dana.seshens@davispolk.com
esther.townes@davispolk.com

*Counsel for Defendants David Davis and Frederick S. Cromer*

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiffs and Defendants certify that they have conferred, consent to the relief requested herein, and jointly request entry of the attached [Proposed] Order Granting Joint Consent Motion to Set a Deadline for the Filing of an Amended Complaint and Vacate the Current Response Deadline, which is attached hereto.

*/s/ Nathan C. Zipperian*
Nathan C. Zipperian

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026 I electronically filed the foregoing document with the Clerk of the court using the CM/ECF system, which sent notification of said filing to all CM/ECF participants.

*/s/ Nathan Zipperian*
Nathan C. Zipperian

6