**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| TERRANCE MLECZKO and TM DEFENSE SOLUTIONS LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID DAVIS and FREDERICK S. CROMER,<br><br>Defendants. | **Case No. 0:25-cv-61959-WPD**<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW** |

Co-Lead Plaintiffs, Terrance Mleczko and TM Defense Solutions LLC ("Plaintiffs"), individually and on behalf of all others similarly situated, by Plaintiffs' undersigned attorneys, hereby submit this memorandum of law in support of their motion for an order granting leave to file an amended class action complaint (hereafter, the "Proposed Amended Complaint"). The motion is brought pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. The Proposed Amended Complaint is being filed concurrently herewith as Exhibit A, along with a redline comparison of the changes since the initial complaint as Exhibit B.

## I.      INTRODUCTION

Plaintiffs seek to amend their complaint to add allegations that were developed following their continued investigation after Plaintiffs' appointment as Lead Plaintiffs on December 18, 2025. [DE 14]. Plaintiffs respectfully submit that the Proposed Amended Complaint will not prejudice defendants David Davis and Frederick S. Cromer ("Defendants"), and newly added defendant, Edward M. Christie, and will support and strengthen claims brought in the initial complaint. The complaint has not been amended previously as a matter of course. Accordingly,

1

leave to amend should be "freely granted" in accordance with the liberal standard set forth in Rule 15(a)(2) of the Federal Rules of Civil Procedure.  Plaintiffs have conferred with Defendants, who confirmed that they do not oppose this motion.

## II.   SUMMARY OF AMENDED ALLEGATIONS

As alleged in Exhibit A, the Plaintiffs allege in the Proposed Amended Complaint that Defendants made false and misleading statements regarding the Company's liquidity as it emerged from bankruptcy.  The allegations stem from an extensive review of SEC filings signed by Defendants, Spirit Aviation Holdings, Inc.'s ("Spirit" or the "Company") filings in both the first and second bankruptcy dockets, as well as from interviews with knowledgeable employees, and information available on the internet.[1] Specifically, Plaintiffs allege Defendants concealed their liquidity covenants, which Plaintiffs allege had already been breached by early in the Class Period, and which led to a catastrophe at the Company where it could no longer operate without further bankruptcy protection.  In addition, Plaintiffs allege Defendants concealed that a key asset sale was unlikely to improve Spirit's liquidity position due to known problems with its aircraft that were put up for sale.  Further, Plaintiffs allege that Spirit was actively planning a second bankruptcy while downplaying the risk of a second bankruptcy to investors.

## III.   ARGUMENT

### A.   Legal Standard

Under the liberal standard of Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave [to amend] when justice so requires."  The Eleventh Circuit has recognized that movants will be "freely given leave," absent a finding that: (1) there has been no undue delay, bad

---

[1] *See In re Spirit Airlines, LLC, et al.*, Case No. 24-11988-shl (Bankr. S.D.N.Y. 2024) ("First Bankruptcy"); *In re: Spirit Aviation Holdings, Inc.*, *et al.*, 25-11897-shl (Bankr. S.D.N.Y. 2025) ("Second Bankruptcy").

faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) permitting amendment would cause undue prejudice to Defendants; or (3) amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (lower court should have permitted amendment to complaint where there was no evidence of prejudice or undue delay) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (district court abused discretion in refusing to permit amendment where opposing party would not be prejudiced).[2]

It is the burden of any party opposing amendment to show that an exception to the liberal policy favoring amendment is met. *See Fischer v. Trivita Inc*., No. 619CV2333ORL41EJK, 2020 WL 13349091, at *2 (M.D. Fla. July 30, 2020) ("The nonmovant bears the burden of showing prejudice, bad faith and futility of the amendment."); *Tims v. Golden*, No. 15-0516-WS-B, 2016 WL 1312585 at *13 n.20 (S.D. Ala. Apr. 4, 2016) (collecting cases for the proposition that the burden of showing futility is on the non-moving party).

Because Defendants have consented to the filing of the Proposed Amended Complaint, the Court should grant Plaintiffs' motion.[3] *See Sessions v. Barclays Bank Delaware*, No. 1:17-CV-01600-LMM, 2018 WL 8141306, at *1 (N.D. Ga. Oct. 9, 2018) (granting leave where "Defendant has given its written consent by stating in its response to Plaintiffs Motion that it 'does not oppose' Plaintiff's request.").

---

[2] Internal citations herein are omitted unless indicated otherwise.

[3] Plaintiffs note that under Federal Rule of Civil Procedure 15(a)(2), Plaintiffs are permitted to file an amended complaint due to the Defendants' written consent. However, given the Court's order that Plaintiffs file a motion, Plaintiffs bring this motion for the Court's consideration. [DE 33].

**B.      The Proposed Amendment Does Not Involve "Undue Delay" or "Bad Faith"**

Plaintiffs' motion to amend does not present undue delay or bad faith, or surprise to Defendants.  A delay of several months does not justify a holding of "undue delay" or "bad faith." *See In re Verilink Corp.*, 410 B.R. 697, 702 (N.D. Ala. 2009).  Undue delay can apply when a plaintiff "chooses to wait an artificially delayed period, which enables him to benefit from discovery of issues, or a lack thereof, the defendant is being 'sandbagged.'" *Senger Bros. Nursery v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 678 (M.D. Fla. 1999); *Sher v. Raytheon Co.*, No. 8:08-CV-889-T-33AEP, 2010 WL 11507785, at *2 (M.D. Fla. Feb. 22, 2010) (no undue delay existed where a plaintiffs brought the motion to amend two months before the discovery deadline and more than 18 months after litigation began).

Here, there was no artificial delay or "sandbagging," and Plaintiffs proceeded as quickly as they could, considering that they were briefing their opposition to the Motion to Extend the Bankruptcy Stay while simultaneously investigating this action.  *See* Second Bankruptcy, Adversary Pro. No. 26-01003, S.D.N.Y. Bankr. Ct. [DE 1-5].  Immediately after appointment as Lead Plaintiffs, Plaintiffs informed Defendants, and Defendants agreed, that Plaintiffs would amend their complaint on March 2, 2026. [DE 19].  Plaintiffs are now ready to file their amended complaint, ahead of the originally agreed-upon date of March 2, 2026.  Plaintiffs' motion is not untimely or made in bad faith.

**C.      The Proposed Amendment Does Not Cause Undue Prejudice to Defendants**

There is no undue prejudice as a result of the filing of the Proposed Amended Complaint. Undue prejudice exists if the amendments create "'undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant.'" *Canto Marti v. Iberostar Hoteles y Apartamentos S.L.,* No. 20-20078-CIV, 2024 WL 3595359, at *2 (S.D. Fla.

July 31, 2024) (quoting *Schneider v. Citimortgage, Inc.*, No. 13-4094-SAC, 2016 WL 344725, at *3 (D. Kan. Jan. 28, 2016)). But "prejudice is not 'undue' unless it is 'real'—that is something more than the 'additional expense' that 'necessarily' results from any 'amendment to an original pleading.'" *Trivita Inc*, 2020 WL 13349091, at *6.

Here, the counts are the same, and the litigation just commenced. Indeed, discovery remains stayed under the Private Securities Litigation Reform Act until resolution of a motion to dismiss. Accordingly, there is no undue prejudice.

### D.      Proposed Amendment Would Not be Futile

"Defendants, as the parties advocating denial of the amendment on futility grounds, bear a heavy burden of showing that the proposed amendment is clearly futile." *SE Prop. Holdings, LLC v. Center*, No. CV 15-0033-WS-C, 2016 WL 1369543, at *3 (S.D. Ala. Apr. 6, 2016); *see also*, *e.g.*, *Harris v. Steadman*, 160 F. Supp. 3d 814, 817 (E.D. Pa. 2016) ("[G]iven the liberal standard for the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile.") Were they opposed to the motion, Defendants would not meet this heavy burden here. "[F]utility constitutes a legal conclusion by the court that the complaint, as amended, would necessarily fail." *Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-CV-23450-KMM, 2016 WL 344975, at *3 (S.D. Fla. Jan. 28, 2016); *see also id.* at *3 (noting that "[t]he threshold standard for a plaintiff's complaint to survive . . . is 'exceedingly low'" (quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)).

Here, Plaintiffs allege that Defendants' statements regarding liquidity were false when made, and include detailed charts explaining why they were false, and why it was misleading for the Defendants to claim the Company could continue to operate as a going concern. Accordingly, the filing of the Proposed Amended Complaint would not be futile.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for leave to file the Amended Complaint.

Dated: February 27, 2026

Respectfully submitted,

**MILLER SHAH LLP**

By: */s/ Nathan C. Zipperian*
Nathan C. Zipperian
Jayne A. Goldstein
2103 N. Commerce Parkway
Ft. Lauderdale, FL 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
nczipperian@millershah.com
jagoldstein@millershah.com

*Liaison Counsel for Plaintiffs*

**POMERANTZ LLP**
Joshua B. Silverman (*pro hac vice*)
Brian P. O'Connell (*pro hac vice*)
Jaime D. Nolasco Esquivel (*pro hac vice*)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email: jbsilverman@pomlaw.com
       boconnell@pomlaw.com
       jnolasco@pomlaw.com

Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

Michael J. Boyle, Jr.
(*pro hac vice* application forthcoming)
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 578-5582
mboyle@bgandg.com

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Plaintiffs certify that on February 25 and 26, 2026, they conferred with counsel for Defendants by email, and Defendants do not oppose the relief requested herein

By: */s/ Nathan C. Zipperian*
Nathan C. Zipperian

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2026 I electronically filed the foregoing document with the Clerk of the court using the CM/ECF system, which sent notification of said filing to all CM/ECF participants.

By: */s/ Nathan C. Zipperian*
Nathan C. Zipperian